UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SOUTHRIDGE ETHANOL, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| VS. | ) | |
| | ) | 3:06-CV-2362-G |
| SOUTH LOUISIANA ETHANOL L.L.C., | ) | |
| ET AL., | ) | **ECF** |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This court is required to examine the basis for its subject matter jurisdiction, on its own motion if necessary. *Torres v. Southern Peru Copper Corp.*, 113 F.3d 540, 542 (5th Cir. 1997). Diversity of citizenship is alleged as the basis for subject matter jurisdiction in this case. Complaint ¶ 5. The plaintiff is alleged to be a Nevada corporation with its principal place of business in Texas. *Id*. ¶ 1. The defendant South Louisiana Ethanol L.L.C. ("SLE") is alleged to be "a Louisiana corporation with its principal place of business in . . . Louisiana." *Id*. ¶ 2. Despite the allegation that SLE is a corporation, its name indicates that it is a limited liability company.

Generally, the citizenship of artificial entities other than corporations is determined by the citizenship of their members. See *Carden v. Arkoma Associates*, 494

U.S. 185 (1990). This rule applies to limited liability companies such as the defendant SLE. *E.g., Wise v. Wachovia Securities, LLC*, 450 F.3d 265, 267 (7th Cir.), *cert. denied*, ___ U.S. ___, 127 S. Ct. 582 (2006); *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); *Pramco, LLC ex rel. CFSC Consortium, LLC v. San Juan Bay Marina, Inc.*, 435 F.3d 51, 54-55 (1st Cir. 2006). Accordingly, without knowing the citizenship of the members/owners of the defendant SLE, the court cannot determine the citizenship of that defendant and thus whether there is complete diversity of citizenship between the parties.

Within ten days of this date, the plaintiff shall electronically file and serve an amended complaint alleging the names and citizenship[*] of all the defendant SLE's members (owners). Failure to timely file and serve such an amended complaint will result in dismissal of this case, without further notice, for lack of subject matter jurisdiction.

**SO ORDERED**.

August 6, 2007.

_____
A. JOE FISH
CHIEF JUDGE

---

[*] Southridge's original complaint alleges the residence of the defendants John Paul and William A. Hurst, Complaint ¶¶ 3-4, but "[i]t is established that an allegation of residency does not satisfy the requirement of an allegation of citizenship." *Strain v. Harrelson Rubber Co.*, 742 F.2d 888, 889 (5th Cir. 1984).